## United States District Court
## Western District of Wisconsin

ROBERT EARL ALEXANDER
(Full name of plaintiff[s])

_____,
(Prisoner I.D. Number)

Case No. 17 C 861-jdp
(Provided by clerk of court)

Plaintiff(s),

v.

HSUM CHRYSTAL MARCHANAT, NP MR. TAPIO, RN ANN YORK, RN GAIL WALTZ, DR. J. VAN BUREN, RN. FOSTER, RN LAESON, DR. SCHMIDT, WCI WARDE BRIAN FOSTER SECURITY DIRECTOR TONY MELI, CAPT. BAUER, CAPT. WESTRA, CAPT, SABISH
(Full name of defendant[s]) Please See Attached Sheet For Other Named Defendants

Defendant(s).

# COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

I. **PLACE OF PRESENT CONFINEMENT** (Provide full address)
WAUPUN CORRECTIONAL INSTITUTION. 200 SOUTH MADISON STREET

  A. Is there a grievance procedure in your prison/jail?  YES ☒  NO ☐

  B. Have you filed a grievance concerning the facts relating to this complaint?
  YES ☒  NO ☐

  C. If you have used the grievance process:

   1. Describe what you did and the result, if any.
   NOTHING

   2. Is the grievance process completed? I'M NOT SURE

  D. If you did not use the grievance process, explain why not.

## II. PARTIES

A. Your name (Plaintiff) ROBERT EARL ALEXANDER

B. Prisoner I.D. Number DOC# 070371

C. Your address 200 South MADISON STREET

(For additional plaintiffs provide the same information in the same format on a separate page.)

D. DEFENDANT (name) PLEASE REFER TO DEFENDANT"S LIST ON PG 1

is employed as STAFF: SECURITY, WARDEN, MEDICAL STAFF, ETC.

at WCI WAUPUN CORRECTIONAL INSTITUTION

E. Additional DEFENDANTS (names and positions):
CAOT. OLSON, SGT. BRAMER, C.O. EWERDT, LT. KUEPPER, LT.
IMMERFALL, SGT. BEAMH, SGT. WOLF, SGT. MOORE, SGT. BOUZAK
SGT. BLAKE, SGT. MEYERS, SGT. PRICE, SGT. HAWKINS, C.O.
POHL, C.O. HESS, C.O. KING. C.O. WEDDIG. ADVOCATE A. KOLL

## III. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court relating to the same facts involved in this action?   YES ☒   NO ☐

B. Have you begun other lawsuits in state or federal court relating to your imprisonment?   YES ☒   NO ☐ I FILED A HABEAS CORPUS?

C. If your answer is YES to either of the above questions, provide the following requested information.

1. Parties to the previous lawsuit

Plaintiff(s): WCI WARDEN MICHEAL THURMAN, SECURITY DON STRAHOTA

CAPT. BAUER, SGT. WENZEL (NOW LT.) PSYCHIATRIST TOOD CA -

Defendant(s): LISTER, HSUM BELINDA SCHRUBBE, DR. SUMNITCH

LIBRARIAN NEVIN WEBSTER, CAPT. CORE, CAPT. MARASKUI

2. Date filed 02/28/2011

3. Court where case filed (if federal court, name district; if state court, name the county) UNITED STATES DISTRICT Court, WESTERN DISTRICT OF WISCONSIN, DANE COUNTY

4. Case number and citation 3:11-cv-00153-wmc

5. Basic claim made DELAYED REPAIR OF HEARING AID; AUDIOLOGIST RECOMMENDED 2 TWO HEARING AIDS

6. Current status (for example: Was the case dismissed? Was it appealed? Is it still pending?) GRIEVANCE PROCESS WAS NOT COMPLETED EXHAUSTED. CASE WAS DISMISSED? I THINK

7. If resolved, date of disposition _____

8. If resolved, state whether for _____
   (Plaintiff or Defendant)

(For additional cases, provide the above information in the same format on a separate page.)

## IV. STATEMENT OF CLAIM

A. State as briefly as possible the facts of your case. Describe how each named defendant is involved. Include the names of other persons involved, dates, and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

This Prisoner Was Diagnosed With Squamous Cell Carcinoma Cancer Of Of The Tonsil. Malignant Stage 4 Throat Cancer. Diagnosed By A ENT Specialist. Ear, Nose And Throat Specialist. At University Of Wisconsin Hospital And Clinics In Madison Wisconsin. The Diagnoseis Was Confirmed In Early April Of This Year. 2017. My Surgeon Wieland ENT Speclialist Informed Me That Treatment Would Include Surgical Removal Of Tonsil/Cancer. 2. Surgical Removal Of My Lymph Node In My Neck Also. The ENT Specialist Stated Further That Niether

**STATEMENT OF CLAIM continued**

Procedure Would Be Curative And Indicated That Further Treated Would Be Necessary. Further Treatment Included Both Chemo-Therapy And Radiation For 6-7 Weeks. Nonday-Thru-Friday. That Was Eight Months Ago. It should Be Noted Here That This Plaintiff Cannot Here Or Speak. All Communication Between My Self And Dr. Wieland Was Done Through Written Handnotes. Pen And Paper. Also Dr. Wieland Prescribed Pain Medication 'Oxcodone'. But Plaintiff WAs Not Given 'Oxycodone' For The First Month Or So. Instead Was Acetw/Codine. That Gave Plaintiff No Relief At All To Relieve His Excruciating, Severe Agonizing, Chronic Pain. Eventually Plaintiff Received The 'Prescribed' Pain Medication 'Oxycodone.' Also. On July 23, 2017 Plaintiff Was Placed In Segregation/RHU Restricted Housing Unit. 'AKA' The Hole. On Trumped Up False Charges. Disobeying Orders, And Nisuse Of Medication By Sgt Klemmers. One Day Later Nurse Practitioner NP Mr. Tapio. Discontinued Plaintiff 'OXYCODONE/And MORPHINE'. Without A Founded Explaination.

B. State briefly your legal theory or cite appropriate authority.

Since Prisoners Cannot Obtain Their Own Medical Services The, Constitution Requires Prison Authorities To Provide Them With 'Adequate' Medical Services. That Is Reasonably. Courts Have Defined 'Adequate' medical Services As 'Sevices at a Level Reasonably Commensurated With Morden Medical Science And Of A Quality Acceptable Within Prudent Professional Standards, And A Level Of Health Services Reasonably Designed To Meet Routine And Em-

Also Plaintiff Ask Pray That The Court Ask That The Court Enjoin WCI & DCI Return Plaintiff Back To WCI And further States That Defendants Motives To Transfer Defends Plaintiff Was Not Sincere In Regard To Being Medical. But More In Retaliation. To Derail Plaintiff 42 USC § 1983 Civil Rights Plaintiff H.Rights Complaint. Plaintiff State stat That In July He Began To File ICE's Inmate Complaints Against Various Security Staff Including 'High Ranking Security, Include WCI Security Director Tony Meli. Also Hearing Officer Capt Westra. And Other Lieutenants Captains, And Sergeants. And Warden WCI Brian Foster that All Whom Are All Defendants In This Civil Rights Complaint. Lawsuit. 42 U.S.C. § 1983. Charges Of Security staff Not Wearing Or Concealing Their Required Photo-Name IDs. To Capt. Lts Refusing Plaintiff His 'Oxycodone' Pain Medication. Because Staff Took Plaintiff ID. Plaintiff Was Refused His Pain Medication And Visits Because Plaintiff ID Was Taken By Security staff. Plaintiff state He Would No longer Be Able To Get Names Of Witnesses And Affidavits In Support Of Claims. On Oct 9, 2017 N.P. Nathan Tapio Threaten Plaintiff With Transfer During A Office Visit Appt. On October 9, 2017 To DCI. After Plaintiff Wrote He Would See Them

5.   Robert E Alexander 12-11-17

In Court. Early HSR's Health Services Requests DOC-3035 will support Plaintiff Assertions Here. Including Memorandums supported And written By HSUM Health Service Unit Managers Chrystal Marchants filed In Plaintiff Health Charts.

Plaintiff States further In Support for The Court To Enjoin A Order for ATI20 And Preliminary Injunction That DCI Wichman, John wrote that/threaten Plaintiff In Permanently Moving Having Plaintiff Transfered To DCI Dodge Correctional Institution On Thursday or Friday DCI John Wichman wrote "We Thinking About Having You Permanently Transfered Here, DCI"

Plaintiff States He feels He Is Worst Off Here At DCI. Because 1. He Does Not Have His Personal Owned Legal Books (A.) Wisconsin Blue Book. (B.) Prisoners Self Help Litigations Self H Manuel, (C.) Jailhouse Lawyers Manual, (D.) His Large White 'American Heritage Dictionary E. F. His Television, G. Typewriter, H. His fan. Or At Least 15 Personal Books To Read. Such As World Atlas, Various Book On Astronomy And Other Topics. And Believes He will loose His Opportunity for A Seeable Winnable Case, And Basically At This Point Is

Pg. 6. Not A Canid Candidate for Infirmary Setting

(margin: See Power of Attorney — I'm Terminally Ill — ...)