IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

Plaintiff,

v.

NATHAN TAPIO,

Defendant.[1]

OPINION & ORDER

17-cv-861-jdp

---

Pro se plaintiff Robert Earl Alexander is an inmate in Wisconsin prison who has been diagnosed with throat cancer. He filed a complaint alleging that prison officials have denied him the necessary treatment for his cancer and appropriate pain medication prescribed by Dr. Aaron Wieland. With his complaint, Alexander moved the court to order defendants to transport him to his scheduled doctor appointments, schedule him for surgery, and provide him his prescribed dose of oxycodone. Dkt. 14 and Dkt. 16.

I held a telephonic hearing on Alexander's motion for a preliminary injunction on December 1, 2017. Shortly before the hearing, the Wisconsin Department of Corrections (DOC) transferred Alexander from the Waupun Correctional Institution (WCI), where he had been incarcerated when he filed his complaint, to the infirmary at the Dodge Correctional Institution (DCI), which offers the most intensive medical care available within the DOC, and scheduled several medical appointments for Alexander, so I determined that there was no need to order injunctive relief concerning Alexander's treatment. But in a December 4 order, I ordered Dr. Kaplan, Alexander's new primary care provider at DCI, to review Alexander's pain

---

[1] I have updated the caption to reflect defendant's full name.

management plan. Dkt. 17. And I ordered defense counsel to update the court on Alexander's medical care and pain management plan by December 21. I also reviewed Alexander's complaint and granted him leave to proceed on Eighth Amendment deliberate indifference claims against defendant Nathan Tapio, his primary care provider at WCI, who allegedly failed to treat Alexander's cancer and gave Alexander less pain medicine than prescribed. I concluded that Alexander did not state claims against the remaining defendants and offered him an opportunity to file an amended complaint clarifying the remaining defendants' roles in the events underlying the suit. I gave him a December 26, 2017 deadline to do so.

Since then, the court has received several filings from Alexander: a letter to the clerk of court indicating that Alexander is unable to pay the initial partial filing fee, Dkt. 19; a letter to the clerk of court titled "Re Partial Payment Fee Also TRO Order," Dkt. 20; an amended complaint, Dkt. 21; a renewed motion for a preliminary injunction and temporary restraining order, Dkt. 22; and several letters complaining of an inability to send mail to the court, asking for an extension of the December 26 deadline, and asking the court to appoint counsel, Dkts. 26–28. The court has also received Alexander's initial partial filing fee.

Alexander's filings are incomplete and difficult to understand, but in sum, Alexander now asks the court to grant him additional time to file an amended complaint; to appoint counsel to represent him; and to order the DOC to return him to WCI, house him in a single cell, provide him his preferred dose of oxycodone, communicate with him through handwritten notes, and return his hearing aid to him.

I begin with the requested extension of the December 26 deadline to file an amended complaint. I take Alexander to ask that I consider the materials received by the court on January 12, 2018, despite the missed deadline. I will do so. But I will not further extend the deadline,

2

as Alexander does not offer any legitimate reason to do so. So I will consider all of the materials received by the court to be amendments to Alexander's complaint and screen them under 28 U.S.C. § 1915A, just as I screened the claims in his original complaint.

Other than the medical issues, the claims Alexander now attempts to bring against other defendants are unrelated to his deliberate indifference claims against Tapio, so he cannot bring them in this suit: under Federal Rule of Civil Procedure 20, multiple claims against multiple defendants may be joined in one lawsuit only if they arise out of the same transaction or occurrence and present questions of law or fact that are common to them all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). (Also, Alexander's request to return to WCI is contrary to his initial request to receive medical treatment for his cancer, which he is finally receiving now that he is at DCI.)

But Alexander's oxycodone dosage and cancer treatment are already at issue in this suit. In his letter to the clerk, Alexander alleges that Kaplan knowingly gives Alexander a lower dosage than Wieland recommended, causing Alexander to be in "excruciating pain." Dkt. 20, at 2. (The state indicates that Kaplan complied with the December 4 order by "carefully considering" Wieland's recommended dosage and determined that "such a high dose is [not] medically indicated based on [Alexander's] observed comfort level." Dkt. 24, at 3.) Alexander also alleges that he told Kaplan about a new tumor on his neck but that Kaplan has ignored it. Dkt. 28, at 4. Taking Alexander's allegations as true and reading them generously, I conclude that Alexander states deliberate indifference claims against Kaplan for failing to treat Alexander's cancer and giving Alexander less pain medication than prescribed. I will give the state a short time to inform Alexander and the court whether it will be representing Kaplan. I

will deny Alexander leave to proceed on the remaining claims mentioned in his filings. The case will proceed against Tapio and Kaplan alone.

I also take Alexander to request preliminary injunctive relief concerning his oxycodone dosage and new tumor. I will set a short deadline for defendants to respond to these allegations before scheduling a hearing. The response can be succinct and need not comply fully with the court's procedure on motions for preliminary injunctions. But it should include an affidavit or declaration whether Alexander has a new tumor and how his cancer is being treated. It should also indicate whether the state can arrange for a TTY or similar transcription device so that Alexander can meaningfully participate in a telephonic hearing. If it cannot, the court will hold an in-person hearing.

I will deny Alexander's motion for appointment of counsel for now. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To prove that assistance in recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who decline to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id.* at 655; *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

Alexander has provided no evidence that he has attempted to recruit legal representation on his own. This is reason enough to deny his motion. *See Jackson v. County of*

*McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992). Even if this requirement were met, the second requirement for assistance in recruiting counsel requires Alexander to demonstrate that the legal and factual difficulty of each case exceeds his ability to prosecute it. It is too early to tell whether Alexander's claims will outstrip his litigation abilities. Although his inability to hear or speak poses problems for participating in a hearing, it does not interfere with his ability to write—and the vast majority of litigation is done on paper. So I will not help Alexander find counsel at this point. Should the case pass the early stage of litigation, and should Alexander continue to believe that he is unable to litigate the suit himself, then he may renew his motion. If he does so, he should provide the names and addresses of the attorneys who declined to represent him in this case. If possible, he should include the rejection letters from those attorneys. And he will have to explain what specific litigation tasks he cannot perform himself.

This brings me to the final issue raised in Alexander's filings. Alexander complains that defendants have blocked him from sending mail to the court. He says that the money in his trust fund account has "mysteriously vanished" and that defendants have refused to send his mail to the court. Dkt. 26, at 1. He points to two disbursement request forms in which he asked for postage for legal mail; both were denied as "not allowed." Dkt. 28-1. He was only able to send his more recent filings to the court, he says, because he found a prepaid envelope to use. The Constitution guarantees prisoners the right to have "meaningful access to the courts," *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). But mailing costs have been eliminated by this court's e-filing program with certain DOC prisons, including DCI. Alexander doesn't need postage to file materials with the court. He should work with the DCI librarian to file his submissions electronically.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Earl Alexander is GRANTED leave to proceed on Eighth Amendment deliberate indifference claims against defendants Nathan Tapio and Dr. Kaplan.

2. The state may have until February 16, 2018, to inform plaintiff and the court whether it will be representing Kaplan.

3. Plaintiff's remaining claims are DISMISSED for failure to comply with Federal Rule of Civil Procedure 20.

4. By February 5, 2018, defendants must respond to plaintiff's allegations concerning his oxycodone dosage and new tumor and must indicate whether the state can arrange for a TTY or similar transcription device so that plaintiff can meaningfully participate in a telephonic hearing. The court will schedule a hearing on plaintiff's motion for injunctive relief, Dkt. 22, after receiving defendants' response.

5. Plaintiff's motion for assistance in recruiting counsel, Dkt. 28, is DENIED without prejudice.

6. Plaintiff's motion for an extension of time to file his amended complaint, Dkt. 26, is GRANTED.

Entered January 26, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge