IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

               Plaintiff,

v.

NATHAN TAPIO and ROMAN KAPLAN,

               Defendants.[1]

OPINION & ORDER

17-cv-861-jdp

---

Pro se plaintiff Robert Earl Alexander is an inmate in Wisconsin prison who has been diagnosed with throat cancer. He is proceeding on Eighth Amendment deliberate indifference claims against defendants Nathan Tapio (his previous primary care provider) and Roman Kaplan (his current primary care provider), whom he alleges have failed to treat his cancer and given him insufficient pain medication. Alexander has requested preliminary injunctive relief several times during the course of this lawsuit, which is still in its infancy.

In a January 26, 2018 order, I ordered defendants to respond to Alexander's allegations that Kaplan is ignoring a new tumor in Alexander's neck and is continuing to give Alexander a lower dosage of oxycodone than Alexander's ear, nose, and throat specialist, Dr. Aaron Wieland, prescribed. Dkt. 29. Defendants have responded. They indicate that Alexander recently underwent surgery and is scheduled for a post-surgery CT scan and follow-up appointment with Wieland. Kaplan is aware of the "new tumor" but believes it is not new. Regardless, the tumor will be evaluated by the upcoming CT scan and addressed by Wieland. Kaplan continues to evaluate Alexander's pain management and has increased Alexander's

---

[1] I have updated the caption to reflect Roman Kaplan's full name.

oxycodone dosage to 20 milligrams every six hours. (Wieland prescribed 10–20 milligrams every four hours.)

Based on defendants' response, it appears that regardless of what may have occurred in the past, defendants are currently adequately treating Alexander's cancer and providing him with a level of pain medication similar to what Alexander previously requested. So it appears that Alexander's request for preliminary injunctive relief is moot—that is, a preliminary injunction is unnecessary.

One day after defendants' response, the court received Alexander's "motion for a emergency TRO/preliminary injunction immediate issue." Dkt. 36. The motion focuses on legal argument concerning the deliberate indifference standard as applied to prison inmates with cancer, so it seems that Alexander still believes that a preliminary injunction is necessary. But the motion does not address the current treatment and pain management plan as outlined by defendants in their response. I will give Alexander one final opportunity to explain what is inadequate about defendants' current treatment and pain management plan, that is, why preliminary injunctive relief is necessary. If he does not do so, I will deny his motion for preliminary injunctive relief as moot.

Alexander's newest motion raises three other issues.

First, Alexander's motion lists claims unrelated to his deliberate indifference claims against defendants. For example, Alexander complains that he was reclassified and permanently transferred to DCI without written notice, and he complains that he does not have access to some of his property, including an "FBI book." *Id.* at 4. As I explained in my January 26 order, Alexander cannot bring unrelated claims in this lawsuit.

Second, Alexander asks the court to appoint counsel to represent him. As I explained in my January 26 order, I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Before assisting in recruiting counsel who may be willing to serve voluntarily, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who decline to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. Alexander has not fulfilled either requirement, so I will not help Alexander find counsel at this point. Should the case pass the early stage of litigation, and should Alexander continue to believe that he is unable to litigate the suit himself, then he may renew his motion. If he does so, he should provide the names and addresses of the attorneys who declined to represent him in this case. If possible, he should include the rejection letters from those attorneys. And he will have to explain what specific litigation tasks he cannot perform himself.

Third, and finally, Alexander mailed his motion to the court. As I explained in my January 26 order, the Dodge Correctional Institution (DCI), where Alexander is currently housed, participates in this court's e-filing program, so Alexander doesn't need to mail anything to the court. He should work with the DCI librarian to file his submissions electronically.

ORDER

IT IS ORDERED that plaintiff Robert Earl Alexander may have until February 22, 2018, to file a reply in support of his motions for preliminary injunctive relief, Dkt. 22 and Dkt. 36, explaining what is inadequate about defendants' current treatment and pain management plan.

Entered February 8, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge