IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                            Plaintiff,

v.

NATHAN TAPIO and ROMAN KAPLAN,

                            Defendants.

OPINION & ORDER

17-cv-861-jdp

---

Pro se plaintiff Robert Earl Alexander is an inmate in Wisconsin prison who has been diagnosed with throat cancer. He is proceeding on Eighth Amendment deliberate indifference claims against defendants Nathan Tapio (his previous primary care provider) and Roman Kaplan (his current primary care provider), who he alleges have failed to treat his cancer and given him insufficient pain medication. Alexander has requested preliminary injunctive relief several times during the course of this lawsuit, which is still in its infancy.

In a February 8, 2018 order, I explained that defendants' most recent response to Alexander's request indicated that they are currently adequately treating his cancer and providing him with a level of pain medication similar to what he previously requested, so it would appear that a preliminary injunction would be unnecessary. Dkt. 38. But I noted that Alexander filed another motion for preliminary injunctive relief the day after defendants filed their response. The newest motion did not address the current treatment and pain management plan outlined in defendants' response. So I gave Alexander one final opportunity to explain what is inadequate about defendants' current treatment and pain management plan. I warned him that if he did not do so, I would deny his motions for preliminary injunctive relief as moot.

Alexander has replied. Dkt. 39 and Dkt. 40. He complains about the incidental care that he is receiving, but it appears that he agrees that the cancer treatment he is currently receiving is adequate, so a preliminary injunction is not needed on that front. As for the incidental care, Alexander complains chiefly that staff members are not changing his soiled linens or properly caring for his medical implements. He also complains about their delayed response to a bleeding incident. And he asks the court to enter a temporary restraining order concerning alleged "mail theft." Dkt. 41. It appears that he may wish to bring claims against these individuals. Under Federal Rule of Civil Procedure 20, multiple claims against different sets of defendants may be joined in one lawsuit only if they arise out of the same transaction or occurrence and present questions of law or fact that are common to them all. Alexander's allegations against the nurses share some commonalities with his claims against Tapio and Kaplan, but they are sufficiently different that they do not belong in this suit, which has already become fairly complex. And his allegations concerning mail theft are completely unrelated to this suit. So I will not allow Alexander to amend his complaint to include these new allegations. If he wishes to pursue these claims, he may file a new lawsuit and pay the required filing fee.

That leaves the pain management issue. Alexander continues to complain, as he has from the beginning of this case, that he is not receiving enough oxycodone to control his pain. He agrees with defendants that he is now receiving 20 milligrams of oxycodone every six hours. (In fact, it appears that the dosage may have been briefly increased to 20 milligrams every three hours, then lowered to 20 milligrams every four hours. *See* Dkt. 40-5, at 6.) I indicated in my February 8 order that this dosage was similar to Dr. Wieland's earlier prescription of 10–20 milligrams every four hours, and therefore appeared to be adequate. Alexander now argues that Dr. Wieland actually prescribed him *40* milligrams every four hours and that anything less

than 40 milligrams every four hours does not adequately manage his pain. He says that he has a handwritten note from Dr. Wieland increasing his dosage to 40 milligrams every four hours, but despite the fact that he has filed many other records and exhibits with the court, he did not file that one.

Regardless of Dr. Wieland's prescribed dosage, the real issue is whether Kaplan is aware of Alexander's current pain but refusing to provide him with adequate pain medication. To show deliberate indifference, "a plaintiff must provide evidence that an official *actually* knew of and disregarded a substantial risk of harm. . . . [E]vidence that *some* medical professionals would have chosen a different course of treatment is insufficient to make out a constitutional claim." *Petties v. Carter*, 836 F.3d 722, 728–29 (7th Cir. 2016). Kaplan says he has been and "will continue to prescribe pain medication based on all relevant factors, including Alexander's subjective complaints, his objective signs of discomfort (or lack thereof), my medical training and expertise, and any recommendations of Dr. Wieland or other specialists." Dkt. 33, ¶ 17. Alexander disputes this and says that he is in "severe," "excruciating," "agonizing chronic daily pain" and that he has communicated this to Kaplan. Dkt. 39, at 5. I will hold a hearing on Alexander's motion for a preliminary injunction regarding his pain medication.

Because of Alexander's communication difficulties, a telephonic hearing is not a viable option. A hearing at the courthouse, which has the technology to allow Alexander to view a real-time transcript of the proceedings, is the best option. But it is unclear whether Alexander can be safely transported to the courthouse, given his medical conditions. In that case, it may be necessary to hold the hearing at the Dodge Correctional Institution (DCI), where Alexander is currently incarcerated. Regardless of where the hearing takes place, Alexander must bring Dr. Wieland's note increasing the oxycodone dosage to 40 milligrams—if he does not present that

note at the hearing, I will likely deny his motion for a preliminary injunction. I will also require copies of Alexander's relevant medical records. It appears that Alexander may not yet have authorized release of his medical records to defendants for use in litigating this suit. He must do so if he expects to obtain any relief in this suit. The parties must cooperate to ensure that Alexander's relevant medical records are available at the hearing. Finally, I will require Dr. Wieland's testimony at the hearing. Defendants must coordinate with Dr. Wieland to ensure that he is available to testify, either in person or by phone, at the hearing. I will set a short deadline for defendants to inform the court whether it is possible to transport Alexander to the court for a hearing and to provide an update about the status of Alexander's medical records and Dr. Wieland's availability.

Finally, Alexander asks against that I appoint counsel to represent him. As I have explained several times, I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Before assisting in recruiting counsel who may be willing to serve voluntarily, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who decline to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. Alexander still has not fulfilled either requirement, so I will not help him find counsel at this point.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Earl Alexander's motion for a temporary restraining order concerning mail theft, Dkt. 41, is DENIED.

2. By March 12, 2018, defendants must indicate whether it is possible to transport plaintiff to the court and provide an update about the status of plaintiff's medical records and Dr. Wieland's availability.

3. The court will hold a hearing for plaintiff's motions for preliminary injunctive relief, Dkt. 22 and Dkt. 36. The time, date, and location of the hearing will be scheduled after receiving defendants' response.

Entered February 28, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge