IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                    Plaintiff,

v.

NATHAN TAPIO and ROMAN KAPLAN,

                    Defendants.

OPINION & ORDER

17-cv-861-jdp

---

Pro se plaintiff Robert Earl Alexander is an inmate in Wisconsin prison who has been diagnosed with throat cancer. He is proceeding on Eighth Amendment deliberate indifference claims against defendants Nathan Tapio (his previous primary care provider) and Roman Kaplan (his current primary care provider), whom he alleges have failed to treat his cancer and given him insufficient pain medication. Alexander has already requested preliminary injunctive relief several times during the course of this lawsuit.

In a February 28, 2018 order, I explained that because of factual disputes about Alexander's pain management, I would hold a hearing on his motion for a preliminary injunction. Dkt. 42. I asked defendants for logistical information to assist me in scheduling a hearing. Defendants have responded. Dkt. 43. Alexander did, too. Dkt. 44. Both responses indicate that Alexander refuses to authorize release of his medical records to defendants for use in litigating this suit. I warned Alexander in my February 28 order that he must sign a release if he expects to obtain any relief in this suit. Dkt. 42, at 4. The authorization form defendants propose is narrowly tailored to Alexander's claims in this suit and unobjectionable. *See* Dkt. 43-1. Alexander must promptly sign it and return it to defendants' counsel by the deadline set below. If he does not, I will dismiss this case for failure to prosecute. Defendants must notify

the court when they receive Alexander's signed authorization form. The court will then set a date and time for the preliminary injunction hearing.

I will briefly address the other issues raised in Alexander's most recent letter. Alexander asks when the deadline is for him to amend his complaint. I believe Alexander is referring to my December 4, 2017 order, in which I set a December 26, 2017 deadline for him to submit an amended complaint clarifying the remaining defendants' roles in the events underlying the suit. Dkt. 17. Alexander did so, *see* Dkt. 21, and I allowed him to proceed on some of the claims he listed in that amended complaint. Dkt. 29. I did not allow him the opportunity to amend his complaint further. So if Alexander wants to amend his complaint now, he must move for leave to do so. And as I previously explained, I will not allow him to proceed on claims against other defendants that are unconnected to his cancer treatment and pain management. *See* Dkt. 42, at 2. If Alexander wants to pursue unconnected claims, he will have to file a new lawsuit and pay the required filing fee.

Alexander also asks whether he must send to the court his "one and only copy" of Dr. Wieland's note increasing his oxycodone dosage to 40 milligrams. Dkt. 44, at 4. The short answer is no. In my February 28 order, I explained that Alexander must bring the note with him to the hearing and that I would likely deny his motion for a preliminary injunction if he did not. Dkt. 42, at 4. If Alexander prefers to send the note to the court in advance of the hearing, he may, but he is not required to do so. (I remind him that he may file it electronically through this court's e-filing program.) All that matters is that the note is available to the court at the hearing. I recommend he make a copy of the note, regardless.

Finally, Alexander asks the clerk of court to send him several complaint packets and to return to him an envelope that he previously filed with the court. The clerk of court has done so, *see* Dkt. 45, so I need not address these requests further.

ORDER

IT IS ORDERED that:

1. By March 26, 2018, plaintiff Robert Earl Alexander must complete and return to defendants' counsel the authorization form for release of his medical records. Dkt. 43-1. If he does not, the court will dismiss this action for his failure to prosecute it.

2. Defendants must notify the court promptly when they receive plaintiff's signed authorization form.

3. The court will schedule a hearing for plaintiff's motions for preliminary injunctive relief, Dkt. 22 and Dkt. 36, after receiving defendants' notice.

Entered March 14, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge