IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

       Plaintiff,

 v.

NATHAN TAPIO and ROMAN KAPLAN,

       Defendants.

ORDER

17-cv-861-jdp

---

  Pro se plaintiff Robert Earl Alexander is an inmate in Wisconsin prison who has been diagnosed with throat cancer. He is proceeding on Eighth Amendment deliberate indifference claims against defendants Nathan Tapio (his previous primary care provider) and Roman Kaplan (his current primary care provider), whom he alleges have failed to treat his cancer and given him insufficient pain medication. Alexander has already requested preliminary injunctive relief several times during the course of this lawsuit. I intend to hold a preliminary injunction hearing once Alexander authorizes release of his medical records to defendants.

  Alexander's medical diagnoses and treatment are the focus of this lawsuit. I have explained to Alexander that he will be unable to obtain any relief in this suit unless he authorizes release of his medical records to defendants for use in litigation. *See* Dkt. 42, at 4. Yet Alexander has refused to sign an authorization form allowing defendants access to his pertinent medical records. On March 14, 2018, I ordered Alexander to complete and return to defendants' counsel the authorization form for release of his medical records, Dkt. 43-1, by March 26. Dkt. 46. I warned him that if he did not do so, I would dismiss the action for his failure to prosecute it.

March 26 has come and gone, and Alexander has not signed the authorization form. Instead, he wrote two letters to the court explaining that he sent an authorization form to "CIOX Health" and will send his "relevant medical records" to the court as soon as he receives and reviews them and asking for an extension of time to do so. Dkt. 47, at 3 and Dkt. 49, at 2. He enclosed a copy of a UW Health form authorizing release of certain medical records to himself. Dkt. 47-4. That's not what I instructed Alexander to do. There is no need for Alexander to send his medical records to the court at this point. Rather, defendants need access to Alexander's medical records so that they know how Alexander's cancer has been treated and what pain medications Alexander has been prescribed and administered. Defendants have proposed a narrowly tailored, unobjectionable authorization form, a copy of which I will direct the clerk of court to mail to Alexander. Alexander must sign that form and return it to defendants' counsel by the deadline set below or I will dismiss this case for failure to prosecute.

Finally, I will briefly address the other issues raised in Alexander's most recent letters. In the letters, Alexander complains about his pain medication, asks if Dr. Wieland will be allowed to testify at a hearing on his motions for preliminary injunctive relief, and asks for an attorney. As I explained in my March 14 order, I will schedule a hearing on Alexander's pain medication once Alexander has returned a signed authorization form to defendants' counsel. *See* Dkt. 46. As I previously indicated, I will require Dr. Wieland's testimony at the hearing, as well as copies of Alexander's relevant medical records. *See* Dkt. 42, at 4. As for Alexander's request for counsel, I will deny it for the same reasons I've previously given. *See* Dkt. 29, at 4–5 and Dkt. 42, at 4.

ORDER

IT IS ORDERED that:

1. By April 13, 2018, plaintiff Robert Earl Alexander must complete and return to defendants' counsel the authorization form for release of his medical records. Dkt. 43-1. If he does not, the court will dismiss this action for his failure to prosecute it.

2. The clerk of court is directed to mail plaintiff a copy of defendants' proposed authorization form for the release of medical records. Dkt. 43-1.

3. Defendants must notify the court promptly when they receive plaintiff's signed authorization form.

4. The court will schedule a hearing for plaintiff's motions for preliminary injunctive relief, Dkt. 22 and Dkt. 36, after receiving defendants' notice.

Entered April 3, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge