IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                          Plaintiff,

v.

NATHAN TAPIO and ROMAN KAPLAN,

                          Defendants.

ORDER

17-cv-861-jdp

---

      Pro se plaintiff Robert Earl Alexander is an inmate at the Dodge Correctional Institution who has been diagnosed with throat cancer. He is proceeding on Eighth Amendment deliberate indifference claims against defendants Nathan Tapio (his previous primary care provider) and Roman Kaplan (his current primary care provider), whom he alleges have failed to treat his cancer and given him insufficient pain medication. Alexander has already requested preliminary injunctive relief several times during the course of this lawsuit. I intend to hold a preliminary injunction hearing once Alexander authorizes release of his medical records to defendants.

      In an April 3, 2018 order, I instructed Alexander to "complete and return to defendants' counsel the authorization form for release of his medical records" by April 13, and I warned Alexander that if he did not do so, his case would be dismissed for his failure to prosecute it. Dkt. 51, at 3. I instructed defendants to "notify the court promptly when the receive plaintiff's signed authorization form." *Id.*

      Since then, Alexander has sent numerous documents to the court. Most appear to be copies of Alexander's correspondence with other individuals. *See, e.g.,* Dkt. 52 and Dkt. 53. It's unclear why Alexander has filed these documents; I will not address them further. But three of Alexander's filings require my attention.

On April 16 and April 20, the court received two signed authorization forms from Alexander. Dkt. 54 and Dkt. 55. I instructed Alexander to send the completed authorization form directly to defendants' counsel, not the court, but the real issue now is whether defendants' counsel has a complete authorization form that may be used to obtain Alexander's medical records. The April 16 authorization is covered with Alexander's notes and does not include a complete date, so defendants may not be able to use it to obtain Alexander's medical records. But the April 20 authorization bears a complete date and signature and is otherwise unmarked, so it appears to be usable. I will give defendants a short deadline to confirm that they have received a usable copy of Alexander's signed authorization. Once they confirm this, I will set a hearing for Alexander's motions for preliminary injunctive relief.

On April 23, the court received a letter from Alexander requesting an "in camera review of [his] medical records." Dkt. 57. In support of his request, he argues that such a review "would be fair" and that he has been told that he is "terminally ill." *Id.* A second letter received on April 23 goes into more detail about Alexander's "terminally ill" diagnosis. Dkt. 58. I will deny Alexander's request for an *in camera* review. I will review medical records pertinent to Alexander's Eighth Amendment claims in connection with the preliminary injunction hearing; Alexander has not explained why a separate *in camera* review is necessary.

ORDER

IT IS ORDERED that:

1. By May 7, 2018, defendants must notify the court whether they have received a usable authorization form from plaintiff.

2. The court will schedule a hearing for plaintiff's motions for preliminary injunctive relief, Dkt. 22 and Dkt. 36, after receiving defendants' notice.

3. Plaintiff's motion for an *in camera* review of medical records, Dkt. 57, is DENIED.

Entered May 1, 2018.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge