THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                     Plaintiff,

v.

NATHAN TAPIO and ROMAN KAPLAN,

                     Defendants.

ORDER

17-cv-861-jdp

---

Pro se plaintiff Robert Earl Alexander is an inmate at the Dodge Correctional Institution (DCI) who has been diagnosed with throat cancer. He is proceeding on Eighth Amendment deliberate indifference claims against defendants Nathan Tapio (his previous primary care provider) and Roman Kaplan (his current primary care provider), whom he alleges have failed to treat his cancer and given him insufficient pain medication.

On May 7, the court received a letter from Alexander requesting, among other things, that the court schedule a hearing. Dkt. 60. I previously explained that I intended to hold a hearing on Alexander's motions for preliminary injunctive relief regarding his pain medication dosage, Dkt. 22 and Dkt. 36, once Alexander authorized release of his medical records to defendants. *See, e.g.*, Dkt. 59, at 1. Alexander has returned a completed authorization form to defendants' counsel, so the court has scheduled a hearing for July 6, 2018. As I previously indicated, at the hearing I expect defendants to ensure that Alexander's relevant medical records are available, Alexander to present Dr. Wieland's note increasing his oxycodone dosage to 40 milligrams, and Dr. Wieland to testify by phone. *See* Dkt. 42, at 4.

In his May 7 letter, Alexander indicates that he was recently told that he is terminally ill and that he wants a second opinion to confirm the prognosis. He asks that seven DCI

officials be "called . . . to give sworn testimony . . . as to whether" Alexander is terminally ill. Dkt. 60-2, at 7. To be clear, the purpose of the July 6 hearing will be to determine whether Alexander has satisfied the requirements to obtain a preliminary injunction requiring defendants to increase Alexander's pain medication dosage. Testimony regarding Alexander's diagnosis and prognosis will be allowed only if it sheds light on how much pain medication Alexander should receive. If Alexander still wants these officials to testify, he should ask them if they are willing to do so. I expect defendants' counsel to work with Alexander on this front. If a potential witness refuses to testify voluntarily, Alexander may file a request for a subpoena form. I will instruct the clerk of courts to send Alexander a copy of the court's procedure for calling witnesses to trial, which includes detailed instructions on how to request a subpoena form. Alexander should follow the same procedure for requesting subpoena forms for the preliminary injunction hearing, if necessary.

Alexander also asks for a "TRO against DCI/WCI and all WI DOC Penal Institution Medical and Security Staff [to] put an end to testing plaintiff's hearing disability and speech disability [and] from interrupting plaintiff or any medical care givers/providers." Dkt. 60-2, at 7–8. It's unclear exactly what relief Alexander seeks, but it appears that his complaints are unrelated to his claims in this case, which are focused on the medical treatment for his cancer, including pain management. As I've explained several times, I will not allow Alexander to proceed on claims against other defendants that are unconnected to his cancer treatment and pain management. *See, e.g.*, Dkt. 46, at 2. If Alexander wants to pursue claims concerning his communication disabilities, he will have to file a new lawsuit and pay the required filing fee.

Finally, it appears that Alexander enclosed copies of discovery requests with his May 7 letter. *See* Dkt. 60-2, at 3–6. Discovery will not begin until after the preliminary pretrial conference order is issued. Once discovery has begun, discovery requests should be sent directly to defendants' attorneys and not filed with the court, except to support some other matter, such as a motion or a response to a motion.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to send plaintiff a copy of the court's procedure for calling witnesses to trial.

2. Plaintiff's motion for a temporary restraining order, Dkt. 57, is DENIED.

Entered May 21, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge