IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

               Plaintiff,

v.

NATHAN TAPIO and ROMAN KAPLAN,

               Defendants.

ORDER

17-cv-861-jdp

---

Pro se plaintiff Robert Earl Alexander is an inmate at the Dodge Correctional Institution (DCI) who has been diagnosed with throat cancer. He is proceeding on Eighth Amendment deliberate indifference claims against defendants Nathan Tapio (his previous primary care provider) and Roman Kaplan (his current primary care provider), whom he alleges have failed to treat his cancer and given him insufficient pain medication. A July 6, 2018 hearing is scheduled on his motions for preliminary injunctive relief regarding his pain medication dosage, Dkt. 22 and Dkt. 36.

On May 23, I received a letter from Alexander. Dkt. 64. Enclosed with the letter were numerous medical and disciplinary records and a copy of the *Pruitt v. Mote* opinion, 503 F.3d 647 (7th Cir. 2007). The letter is particularly unfocused and rambling, unlike his previous correspondence. As best I can tell, the letter questions whether Alexander is "terminally ill," and asks the court to order additional diagnosis and treatment. As I've explained before, Alexander's diagnosis and prognosis are relevant to his claims only to the extent that they shed light on whether he is receiving effective medical treatment. *See* Dkt. 63, at 2. A cancer diagnosis itself cannot be a constitutional violation.

I discern one request from Alexander's letter. First, Alexander asks that I "order the United States Marshal or FBI federal government agencies to come to DOC/DCI infirmary so that [he] may hand deliver" several "important messages." Dkt. 64, at 6–7. I take Alexander to be referring to evidence that he wishes to present at the preliminary injunction hearing. If Alexander does not want to mail the evidence to the court, he may bring it with him to present at the hearing. He may also mail copies of the documents to the court and retain the originals. I will also remind Alexander that he may file his submissions to the court electronically, which would also allow him to retain the originals. *See, e.g.*, Dkt. 38, at 3. I will not send a messenger to collect documents.

One aspect of this submission causes me great concern. The medical records enclosed in Alexander's letter indicate that Alexander has been refusing treatment for his cancer. *See* Dkt. 64-1, at 1, 5, 7, 8, 10. It appears that Alexander may be refusing treatment because "he is in the midst of ongoing litigation." *Id.* at 8. To be clear, Alexander does not need to refuse available medical treatment to preserve his claims in this case. Alexander's claims concern his medical providers' alleged delay in treating Alexander's cancer and failure to provide him with sufficient pain medication. Refusing to accept the treatment that his medical providers are offering will only undermine Alexander's claims.

Further cancer treatment may be very difficult for Alexander, and whether he undertakes this treatment is a decision that Alexander will have to make, if he is capable of making it. It appears that his cancer may be curable. He should make his decisions about his healthcare without regard to any impact that it would have on this case. If defendants or DOC staff believe that Alexander is incapable of making rational decisions for his own well-being, they should consider whether an appropriate agent should be appointed to assist him. I will set

a deadline for defendants to confirm that they have considered this issue and advise me of their plan of action.

Because it is unclear whether Alexander is capable of making rational decisions, I will attempt to recruit counsel to assist him in litigating this case. But, under the circumstances here, I will not stay litigation while I do so. The July 6 hearing on Alexander's motions for preliminary injunctive relief will take place whether or not I have found counsel willing to represent Alexander.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for "hand delivery," Dkt. 64, is DENIED.

2. By June 8, 2018, defendants must update the court on whether they believe that plaintiff is incapable of making rational decisions for his own well-being and, if so, whether an appropriate agent will be appointed to assist him.

3. I will attempt to recruit counsel for plaintiff. If I find counsel willing to represent plaintiff, I will advise the parties of that fact. Soon thereafter, a status conference will be held to establish a schedule for resolution of the case. But the July 6, 2018 hearing will remain on the calendar whether or not I have found counsel willing to represent Alexander.

Entered May 25, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge