IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                      Plaintiff,

    v.                                             ORDER

NATHAN TAPIO and ROMAN KAPLAN,                   17-cv-861-jdp

                      Defendants.

---

      Pro se plaintiff Robert Earl Alexander is an inmate at the Dodge Correctional Institution (DCI) who has been diagnosed with throat cancer. He is proceeding on Eighth Amendment deliberate indifference claims against defendants Nathan Tapio (his previous primary care provider) and Roman Kaplan (his current primary care provider), whom he alleges have failed to treat his cancer and given him insufficient pain medication. A July 6, 2018 hearing is scheduled on his motions for preliminary injunctive relief regarding his pain medication dosage, Dkt. 22 and Dkt. 36.

      On May 25, I indicated that I would attempt to recruit counsel to represent Alexander and ordered defendants to consider whether Alexander is capable of making rational decisions for his own well-being, in light of Alexander's recent refusal of treatment. Dkt. 65. Defendants have since informed me that psychological staff have evaluated Alexander and found him competent to make medical decisions. Dkt. 70. Meanwhile, Alexander has submitted several documents, many of which lack a signature. *See* Dkt. 66; Dkt. 67; Dkt. 71; Dkt. 73. The clerk of court returned the unsigned documents to Alexander with a request that he return them with his signature, as required by Federal Rule of Civil Procedure 11(a), but he has not done

so. *See* Dkt. 68 and Dkt. 72. I will address these filings now, but I warn Alexander that in the future, he must sign all correspondence that he submits to the court.

As in the past, large portions of Alexander's filings discuss information that appears irrelevant to this case and does not require a response. But I will address the seven requests that I can discern from the filings.

First, Alexander complains that a guard was in the room during his psychological evaluation. Courts defer to prison officials' expertise regarding security, and Alexander has given me no reason for me to doubt the accuracy of the evaluation, so I will not take further action concerning Alexander's competency at this time.

Second, Alexander indicates that he was unable to mail several documents to the court because more postage was due. *See* Dkt. 71, at 4–5. He also accuses WCI officials of "stealing" his mail, although he does not offer any further explanation of this issue. Dkt. 66, at 2. He complains that his right of access to the court is being infringed. But as I have explained several times, DCI participates in this court's electronic filing program, so Alexander doesn't need any postage to submit documents to the court. He should work with the DCI librarian to file his submissions electronically.

Third, Alexander asks me to issue subpoenas to "two correctional officers." Dkt. 66, at 1. And in a subsequent filing, he names 47 individuals that he wants to subpoena. *See* Dkt. 73, at 4. If Alexander wants certain individuals to testify, he may file a request for a subpoena form by following the instructions outlined in the court's procedure for calling witnesses to trial, as I previously explained. *See* Dkt. 64, at 2. The court will not grant a request for a subpoena form unless the request is accompanied by Alexander's affidavit stating that the witness refuses to

testify voluntarily and that Alexander is prepared to pay the required witness fee. Alexander has not submitted such an affidavit, so his requests for subpoena forms are denied.

Fourth, Alexander asks me to "order Dr. Kaplan to my next appointment" and to order defendants to allow him "to see another Dr. for a second opinion." Dkt. 67, at 3. These requests appear linked to Alexander's concern about potentially being terminally ill. *See* Dkt. 65, at 1. As I explained in the May 25 order, I have allowed Alexander to proceed on claims that he has not been receiving adequate medical treatment, not that he has received a certain diagnosis. I cannot order defendants to give Alexander a certain diagnosis. And at this point, there's no basis for me to order them to take specific actions, such as attending an appointment or obtaining a second opinion. So I will deny these requests.

Fifth, Alexander asks me to "order Dr. Kaplan to schedule this important follow-up consultation/appointment" with Ticiana Leal, a doctor with the University of Wisconsin cancer center. Dkt. 73, at 2. I gather that Alexander met with Dr. Leal on April 11 but did not choose a course of treatment (attempting to cure his cancer or simply making him comfortable) at that time. The records indicate that Dr. Leal intended to schedule another appointment to allow Alexander the opportunity to make a decision. *See* Dkt. 64-1, at 14. It appears that Alexander next met with Dr. Leal on May 1, at which point he refused treatment. *See id.* at 5. So it appears that Alexander received the follow-up appointment that he was due, and there is no need for me to order defendants to schedule another appointment now. However, the parties should be prepared to update me on the status of Alexander's treatment at the July 6 hearing.

Sixth, Alexander asks me to "order" his siblings "to be on a phone or present" during the July 6 hearing. Dkt. 73, at 2. There is no need for an order allowing this; the courthouse is open to the public. Alexander's siblings may attend the hearing if they want to.

3

Seventh, Alexander indicates that DCI officials recently confiscated all of his medical records. He states that he "cannot possible prove [his] case without these" records. *Id.* at 3. This raises a potential access-to-the-courts issue, so I will instruct defendants to look into the matter and submit a letter to the court explaining when Alexander has access to his medical records pertaining to this case.

ORDER

IT IS ORDERED that:

1. Plaintiff's requests for subpoena forms, Dkt. 66 and Dkt. 73, are DENIED.

2. Plaintiff's requests for injunctive relief, Dkt. 67 and Dkt. 73, are DENIED.

3. By June 27, 2018, defendants must explain whether plaintiff has access to his medical records pertaining to this case.

Entered June 20, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge