IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                Plaintiff,

v.

NATHAN TAPIO and ROMAN KAPLAN,

                Defendants.

ORDER

17-cv-861-jdp

---

    Pro se plaintiff Robert Earl Alexander is an inmate at the Dodge Correctional Institution (DCI) who has been diagnosed with throat cancer. He is proceeding on Eighth Amendment deliberate indifference claims against defendants Nathan Tapio (his previous primary care provider) and Roman Kaplan (his current primary care provider), whom he alleges have failed to treat his cancer and given him insufficient pain medication. A July 6, 2018 hearing is scheduled on his motions for preliminary injunctive relief regarding his pain medication dosage, Dkt. 22 and Dkt. 36.

    In a June 20, 2018 order, I noted that earlier that month, Alexander indicated that "DCI officials recently confiscated all of his medical records." Dkt. 75, at 4. I instructed defendants to look into the matter, as Alexander's filing raised a potential access-to-the-courts issue. Defendants have done so. They explain that DCI officials "temporarily removed" Alexander's medical records from his cell because he didn't have "a disbursement receipt for them," but that the records were returned to Alexander on June 7. Dkt. 82, at 1. And defendants have taken the extra precaution of "mailing a Bates stamped copy of the medical records to" Alexander in advance of the July 6 hearing. *Id.* at 2. They have provided an identical copy to the court, too. It appears that Alexander's loss of access to his records was brief and is

no longer a live issue. I am satisfied that Alexander's right of access to the court is not being denied.

On June 28, the court received two new filings from Alexander. Dkt. 83 and Dkt. 84. I will briefly address the concerns listed in these new filings. First, Alexander asks me to order defendants to produce evidence that Alexander mailed to the court signed copies of his earlier filings. Dkt. 83, at 2. The court has received those signed copies. *See* Dkt. 76, Dkt. 77, and Dkt. 80. Even if it hadn't received them, there would be no need to obtain evidence that Alexander signed and mailed them.

Second, Alexander asks whether the court is still attempting to recruit counsel to represent him. Dkt. 83, at 2. The answer is yes. I cannot guarantee that a lawyer will agree to represent Alexander pro bono, but the court is trying to find someone willing to do so. It appears that Alexander's complaints about the competency exam performed by defendants are premised on a mistaken belief that I will not recruit counsel because Alexander was found competent. That is not the case, so I will not address the competency exam further.

Third, Alexander asks once again that I issue subpoenas to several prison officials and medical professionals. *Id.* at 4–5 and Dkt. 84, at 2. But he still doesn't state that he has asked these individuals to testify, that they have refused to do so voluntarily, or that he will be able to pay the required witness fee. As I have explained before, without an affidavit stating these three things for each potential witness, I will not issue any subpoena forms. *See* Dkt. 75, at 2–3.

Fourth, Alexander contends that in my June 20 order, I incorrectly assumed that Alexander attended a follow-up appointment on May 1, 2018, with Dr. Ticiana Leal. *See* Dkt. 75, at 3. He acknowledges that there is a medical record indicating that this

appointment was scheduled, and he states that he was summoned for an "off-site medical appointment" around that time. Dkt. 83, at 9. But he says that he didn't actually meet with Dr. Leal and that defendant Roman Kaplan falsified the record about the meeting because "Dr. Kaplan is intentionally trying to kill" him. *Id.* Alexander's explanation is confusing, and I will not attempt to sort out this issue now. As I explained in my June 20 order, the parties may address this issue at the July 6 hearing as part of a more general update on the status on Alexander's treatment. *See* Dkt. 75, at 3.

Finally, Alexander continues to focus on whether he is terminally ill. He implies that it is my "job . . . to find this answer out for" him. Dkt. 84, at 3. I cannot diagnose Alexander. My role is limited to deciding cases or controversies properly before the court. In Alexander's case, that means my job is to determine—or to preside over a trial so that a jury may determine— whether defendants have violated the Eighth Amendment by failing to adequately treat his cancer or by failing to give him sufficient pain medication.

ORDER

IT IS ORDERED that plaintiff Robert Earl Alexander's requests for subpoena forms, Dkt. 83 and Dkt. 84, are DENIED.

Entered June 29, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge