IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT EARL ALEXANDER,

                              Plaintiff,

              v.                                        OPINION & ORDER

NATHAN TAPIO and ROMAN KAPLAN,                          17-cv-861-jdp

                              Defendants.

Pro se plaintiff Robert Earl Alexander is an inmate at the Dodge Correctional Institution (DCI) who has been diagnosed with throat cancer. Litigation of his Eighth Amendment deliberate indifference claims has been stayed while I attempt to recruit counsel, with one exception: Alexander's motions for preliminary injunctive relief regarding his pain medication dosage, Dkt. 22 and Dkt. 36, which have been pending since January 2018. They will finally be resolved by this order.

Alexander's requests for an order requiring defendants to increase his pain medication dosage have been the subject of numerous filings and a July 6, 2018 hearing. At the hearing, I ordered defendants to update the court on the status of the pain medication dosage and held open the motions for preliminary injunctive relief until I received the update. Dkt. 90.

Defendants have provided their update: they indicate that Roman Kaplan, Alexander's current primary care provider, has considered Alexander's dosage and continues to believe that an increase is unnecessary and, in fact, could harm Alexander. *See* Dkt. 93 and Dkt. 94. Kaplan explains in a declaration why he discounts Alexander's subjective reports of pain. And he explains that he is reluctant to offer Alexander more pain medication than absolutely necessary because to do so "runs the risk that he will build up a tolerance and that it will be

more difficult to achieve pain relief as his cancer spreads." Dkt. 94, ¶ 11. Alexander asks for more time to present evidence in response to Kaplan's declaration, Dkt. 97 at 1, but Alexander already had the opportunity to present his evidence at the July 6 hearing, and he does not explain what additional evidence he has to offer. Based on the evidence presented at the hearing and Kaplan's supplemental affidavit, I conclude that Alexander has not shown a likelihood of success in proving that Kaplan has knowingly persisted in an ineffective course of treatment or made decisions that no minimally competent medical professional would make. *See Petties v. Carter*, 836 F.3d 722, 728–30 (7th Cir. 2016) (discussing the deliberate indifference standard). So I will deny his motions for preliminary injunctive relief.

Defendants also request clarification of the July 9, 2018 order. In that order, I stated, "Defendants indicated [at the hearing] that they will coordinate with Alexander's brother, Bobby, to ensure that Bobby is able to attend future medical appointments with Alexander and assist Alexander in making decisions about his health care." Dkt. 90, at 4. Defendants now indicate that Alexander has signed a consent-to-treatment form (a copy of which he has filed, *see* Dkt. 95), an appointment at the UW Oncology Clinic is being scheduled, and DCI officials are trying "to coordinate with Alexander's brother Bobby to make sure he is aware of" it. Dkt. 93, at 3. But they ask me to confirm that they are not required to ensure Bobby's attendance at *every* medical appointment in the future. That is correct. My intention is to allow Alexander the opportunity to have a trusted family member accompany him to appointments at which significant medical decisions will be discussed so that Alexander can make an informed decision. Defendants are under no obligation to coordinate with Bobby regarding daily treatment appointments.

One final point. Alexander has filed several documents, which appear to be copies of medical records, earlier letters from Alexander to the court, and court opinions. *See* Dkt. 95 and Dkt. 97. Now that Alexander's motions for preliminary injunctive relief are resolved, this case remains stayed in its entirety. There is no need for Alexander to file with the court any documentary evidence such as medical records or case law. Once counsel is located, the court will schedule a preliminary pretrial conference to set the litigation schedule. Until then, the parties should focus on Alexander's medical care, not litigation.

## ORDER

IT IS ORDERED that:

1. Plaintiff Robert Earl Alexander's motion for leave to file a response, Dkt. 97, is DENIED.

2. Plaintiff's motions for preliminary injunctive relief, Dkt. 22 and Dkt. 36, are DENIED.

3. Defendants Nathan Tapio and Roman Kaplan's motion for clarification, Dkt. 93, is GRANTED.

Entered July 26, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge