IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

        Plaintiff,

v.

NATHAN TAPIO and ROMAN KAPLAN,

        Defendants.

OPINION & ORDER

17-cv-861-jdp

---

Pro se plaintiff Robert Earl Alexander is an inmate at the Dodge Correctional Institution (DCI) who has been diagnosed with throat cancer. In a July 26, 2018 order, I denied Alexander's motions for preliminary injunctive relief regarding his pain medication dosage. Dkt. 98. Now, Alexander asks me to reconsider the denial. Dkt. 99 and Dkt. 101.

I may reconsider my previous decisions, but I should do so only "if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). Alexander has not presented a compelling reason, so I will deny his motions.

Alexander describes his cancer treatment and the amount of pain he is in. *See* Dkt. 99, at 6–8 and Dkt. 101, at 2. But I was already aware of this information when I ruled on his preliminary injunction motions. I appreciate the difficult medical condition and treatment that Alexander has had to endure, and I sympathize with his discomfort. But the evidence presented at the July 6, 2018 hearing indicated that despite Alexander's subjective reports of pain, Roman Kaplan's decisions about his pain medication dosage are reasonable. Alexander's reiterated description of his pain doesn't affect my conclusion.

Alexander argues that Kaplan is not a real doctor. Dkt. 99, at 8–9. But Kaplan has stated under penalty of perjury that he is licensed to practice medicine, *see, e.g.*, Dkt. 33 ¶ 3, and records from the Wisconsin Department of Health Services confirm that this is true.[1] Alexander points to no evidence to the contrary.

Alexander also argues that the fact that Kaplan prescribed Alexander a higher pain medication dosage at one point, but lowered it when Alexander refused to wear a fentanyl patch, shows that Kaplan doesn't really believe that Alexander is seeking intoxication rather than experiencing genuine pain. Dkt. 99, at 14. But as I previously noted, Kaplan explained that he "reduced the oxycodone dosage because . . . if Alexander doesn't need the fentanyl patch, he must not be in that much pain." Dkt. 90, at 2. Kaplan's explanation is reasonable.

Finally, Alexander points to several opinions by the Court of Appeals for the Seventh Circuit. *See* Dkt. 99, at 1–5, 14–15. These opinions may be relevant to the ultimate determination of Alexander's claims, but they do not call for reconsideration of my decision to deny Alexander's preliminary injunction motions. For example, *Arnett v. Webster* concerned a 10-month delay in providing any treatment for a known medical condition. 658 F.3d 742, 752–53 (7th Cir. 2011). The facts of *Arnett* match up with Alexander's allegations in this case—that defendants failed to provide any treatment for his throat cancer for several months, despite knowing of his diagnosis—but they don't touch on the narrow question presented by Alexander's preliminary injunction motions: is the pain medication dosage currently prescribed by Kaplan completely ineffective or so unreasonable that no minimally competent professional would prescribe it? I determined that the answer to that question is no, because Aaron Wieland

---

[1] *See Wisconsin-Licensed Physicians*, Wis. Dep't of Health Servs., 512 (Oct. 25, 2016), https://www.dhs.wisconsin.gov/wcrs/reporterinfo/physbyname.pdf.

testified that although he recommended a higher dosage of pain medication than Kaplan prescribed, he believes that Kaplan's prescription is reasonable. *See* Dkt. 90, at 3. Wieland's testimony that Kaplan's prescription is reasonable distinguishes this case from opinions holding that a complete refusal to follow a specialist's orders may constitute deliberate indifference. *See, e.g.*, *Jones v. Simek*, 193 F.3d 485, 488 (7th Cir. 1999). And *Arnett* confirms that I used the correct standard in my analysis. *See* 658 F.3d at 759 ("Dr. Webster took measures to address Arnett's pain, and although prescribing pain medication may not have been effective in treating Arnett's RA, the summary judgment record doesn't reveal that no minimally competent professional would have provided this regime of treatment in the short term . . . .").

To be clear, my denial of Alexander's motions for preliminary injunctive relief is not the end of this case. I have only determined that I will not order defendants to provide Alexander with a higher dosage of pain medication before Alexander's claims are fully litigated. I have not made a final determination about whether defendants have violated Alexander's constitutional rights. Litigation of that ultimate question is stayed pending recruitment of counsel for Alexander.

ORDER

IT IS ORDERED that plaintiff Robert Earl Alexander's motions for reconsideration, Dkt. 99 and Dkt. 101, are DENIED.

Entered August 13, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

3