IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                    Plaintiff,

   v.

NATHAN TAPIO and ROMAN KAPLAN,

                    Defendants.

OPINION and ORDER

17-cv-861-jdp

---

Pro se plaintiff Robert Earl Alexander is an inmate at Dodge Correctional Institution (DCI) who has been diagnosed with throat cancer. Litigation of his Eighth Amendment medical care claims has been stayed while I attempt to recruit counsel. Alexander has filed four motions for preliminary injunctive relief. Dkt. 115; Dkt. 119; Dkt. 130; Dkt. 133. For reasons explained below, all four of these motions are denied.

BACKGROUND

In his first motion, Alexander alleged that defendants (1) denied him his pain medications and other unspecified medications; (2) denied him baths; (3) delayed his chemotherapy/radiation treatment; (4) denied him his "medical diet meals" and "prescribed ensure formula"; (5) denied him comfortable clothing such as sweatpants and sweatshirts; (6) denied him mouth rinse for mouth infections; and (7) refused to allow his brother to attend his treatment consultations. Dkt. 115, at 2. I asked defendants to respond to Alexander's allegations, and to provide me with an affidavit from his health care providers updating me as to the status of his cancer treatment. Dkt. 116.

Before defendants filed their response, Alexander filed a second motion for preliminary injunctive relief, Dkt. 119, in which he reiterated many of the same allegations and asked that I immediately order defendants to restart his radiation treatments.

Defendants addressed these issues in a brief filed on September 20, Dkt. 122, and in a supplemental brief filed on September 21, Dkt. 125. I summarized their responses to Alexander's allegations in a prior order, Dkt. 128, 2–5. It appeared from that briefing that Alexander's radiation treatment had temporarily stalled due to his inability or unwillingness to maneuver himself on and off the radiation treatment table, but that his sessions were slated to resume. So I asked defendants to provide me with an additional update as to the status of Alexander's treatment, and noted that, if the parties remained unable to resolve the issue of whether Alexander could transfer on and off the table, I would appoint an independent expert to make that determination. *Id.* at 5. I also granted Alexander an extension of time in which to file a reply brief; I asked him to address defendants' responses to all allegations unrelated to the radiation treatment by October 22. *Id.* at 3.

On October 22, defendants filed their supplemental response providing an update on the status of Alexander's radiation treatment. Dkt. 131. They indicated that the course of treatment had proceeded as planned and that Alexander's last session was scheduled for October 26. *Id.* at 1–2.

That same day, Alexander filed a third motion for preliminary injunctive relief, Dkt. 130, in which he alleged that defendants were delinquent in addressing his toileting needs. He asked me to enjoin DCI from sending male staff to change his incontinence products. *Id.* at 3.

On October 23, Alexander filed a fourth motion for preliminary injunctive relief, Dkt. 133. In it, he alleged that he was falsely accused of harassing nurses and complained about how long it is taking the court to recruit him counsel. It is unclear from the motion what relief Alexander wants me to order. I am still actively attempting to recruit counsel to represent him, but I cannot guarantee that a lawyer will agree to take on his case.

Also on October 23, Alexander asked for another extension of time in which to file a reply to defendants' responses to his motions. Dkt. 134. I extended the deadline until November 9. More than a month has passed since that deadline, and Alexander has not filed a reply brief attempting to refute defendants' characterization of his allegations. I will therefore proceed to resolve his motions on the record before me.

ANALYSIS

A.  Radiation treatment

Alexander's allegations that defendants delayed and interfered with his radiation treatment appear to have been resolved; defendants indicate that Alexander finished his final session of radiation on October 26. I will therefore deny his requests for injunctive relief related to radiation as moot.

B.  Pain medication

Alexander alleges that defendants have denied him pain medication, but defendants produce evidence that his pain medication dosage is the same as it was when I denied Alexander's last motion for preliminary injunction on this issue. Dkt. 122, at 3. So I will deny Alexander's pain medication-related requests for injunctive relief for the reasons discussed in my prior order. Dkt. 98.

Alexander's remaining allegations go beyond the scope of this litigation, which is limited to the issues of his cancer treatment and his pain medication dosage. I will address these tangential or unrelated issues below, but going forward, if Alexander wishes to challenge defendants' provision of medical or hygiene-related care not directly related to his cancer treatment, he will need to file a separate lawsuit.

**C. Denial of Ensure nutritional supplement and mouth rinse**

Alexander contends that defendants have denied him his Ensure nutritional supplement and a mouth rinse he used to receive to treat mouth infections. Defendants explain that these items were discontinued because they have been deemed no longer medically necessary, and because nursing staff observed Alexander pouring them into the toilet. Dkt. 123, ¶ 12. I will deny Alexander's requests for injunctive relief on these issues.

**D. Denial of "medical diet meals"**

Alexander alleges that defendants have denied him his "medical diet meals." Defendants respond that Alexander continues to receive a pureed diet meal plan, and that his weight has steadily increased over the past six months. *Id.* So I will deny Alexander's request for injunctive relief on this issue as well.

**E. Refusal to allow comfortable clothing**

Alexander alleges that defendants have denied him comfortable clothing to wear, such as sweatpants and sweatshirts. Defendants contend that Alexander does not have a medical need to wear only sweatpants and sweatshirts. So I will again deny Alexander's request for injunctive relief regarding his clothing.

**F. Refusal to allow Alexander's brother to attend appointments**

Alexander alleges that defendants have denied his brother opportunities to attend his treatment consultations. Defendants produce evidence that the infirmary nursing supervisor contacted Alexander's brother several times to discuss Alexander's upcoming treatment appointments, but that his brother was unable to attend them. Dkt. 122, at 3–4. In one of his motions for an extension of time, Alexander stated that he did "not believe" that the infirmary nursing supervisor had actually contacted his brother, Dkt. 127, at 7, but Alexander provided no corroborating evidence, such as a statement from his brother. So I will deny Alexander's request for injunctive relief on this issue.

**G. Bathing and toileting needs**

In his first and second motions for preliminary injunction, Alexander alleges that defendants have refused to allow him to take baths instead of showers. In response, defendants contend that Alexander has refused to work with an occupational therapist to assess whether he can safely transfer into a bathtub. Dkt. 131, at 4. In his third motion, Alexander says that defendants have refused to change his soiled incontinence products and asks me to enjoin defendants from sending male nurses to tend to his hygiene-related needs. In response, defendants again contend that Alexander has refused assistance from certain staff members willing to assist him in changing his incontinence products. *Id.* Alexander is not entitled to assistance from the staff member of his choice. And his allegations are too vague to allow me to discern whether the alleged delays in changing his incontinence products are attributable to factors beyond his simple refusal to accept aid from male nurses. I will therefore deny his request for injunctive relief on these issues.

ORDER

IT IS ORDERED that Plaintiff Robert Alexander's motions for preliminary injunctive relief, Dkt. 115; Dkt. 119; Dkt. 130; Dkt. 133, are DENIED.

Entered December 13, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge