IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                      Plaintiff,

v.

NATHAN TAPIO and ROMAN KAPLAN,

                      Defendants.

OPINION and ORDER

17-cv-861-jdp

---

      Pro se plaintiff Robert Earl Alexander is an inmate at Dodge Correctional Institution (DCI) who has been diagnosed with throat cancer. Litigation of his Eighth Amendment medical care claims has been stayed while I attempt to recruit counsel. Alexander has filed a document titled "Order To Show Cause For Preliminary Injunction and Temporary Restraining Order," in which he asks me to order more than 20 named individuals to take or be enjoined from taking various actions. Dkt. 148. Specifically, he asks that I order them to do the following: (1) allow him to keep two books that have been confiscated by prison officials for being over the permissible physical size limit; (2) provide him with medication prescribed or recommended by University of Wisconsin doctors; (3) respond immediately when he activates his call light; (4) provide his meals on time, with the requested flavors and accurate brand names; (5) halt all DOC staff and inmates from testing his ability to hear; (6) disclose to him all discussions between DOC staff and offsite medical personnel pertaining to his health; (7) stop retaliating against him; and (8) stop allowing staff to swear at him and call him names other than his given name.

      The individuals Alexander names in the caption of this document are not defendants in this case, and seven of the eight requests Alexander makes are not related to his Eighth

Amendment claims. I nonetheless instructed the clerk's office to docket the filing in this case, because Alexander didn't style it as a new complaint and because one of his eight requests does pertain to this case and can be addressed here.

Alexander asks that I order DOC officials to provide him with "the prescribed medication recommended by UW ENT Ear Nose, and Throat Dr. Aaron Wieland" and "Chemotherapist Oncologist . . . of UW Madison," both of whom "recommend that [he] receive morphine and o[x]ycodone 30 mg every (3) three hours." Dkt. 148, at 1. Alexander has sought injunctive relief related to the dosage of his pain medications numerous times throughout this litigation. I have asked Alexander's providers to respond to his allegations on multiple occasions. They have repeatedly indicated that, in their medical judgment, the dosages Alexander is receiving are appropriate, and I have explained to Alexander that I will not substitute my judgment for that of his treating providers. In his latest filing, Alexander does not explain what medication dosages he is currently receiving, let alone why he believes those dosages are inadequate. So I will deny his motion. If Alexander continues to believe that his current pain medication dosages place him at risk of irreparable harm, he may file a new motion explaining with specificity why he believes preliminary injunctive relief is necessary. But he should be aware that I will not override the medical judgment of his doctors.

The other seven issues Alexander identifies in his filing appear are not related to his deliberate indifference claims against defendants Nathan Tapio and Roman Kaplan, so I cannot address them in the context of this suit. If Alexander believes they are related to the claims in this case, he needs to explain how. If Alexander wishes to pursue a separate case (or cases) about unrelated issues, he must file a complaint (or complaints) containing "a short and plain statement of the claim," as required by Rule 8. At minimum, he should explain (1) what acts

2

he believes violated his rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief he wants the court to provide.

Alexander should be aware that because the issues he raises implicate more than 20 individuals and do not appear to arise out of the same core events, he would likely need to break them up into multiple lawsuits. Under Rule 20 of the Federal Rules of Civil Procedure, joining multiple defendants into one case is appropriate only if the claims against the defendants arise from the same core events or present questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). And under Rule 18, a plaintiff may assert as many claims as he has against an opposing party, but may not join two cases involving unrelated claims asserted against different groups of defendants. That is, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.*

Should Alexander choose to pursue additional cases, he will be responsible for paying the filing fee for each additional suit he files, beginning with an initial partial payment to be assessed by the clerk of court. Once he does so, I will screen the complaint as required under 28 U.S.C. §§ 1915 and 1915A, just as I did at the outset of this case.

One final note: Alexander mailed the two books that he complains were confiscated by DCI staff to the courthouse. *See* Dkt. 147. Because I am denying this motion as outside the scope of this case, I am directing the clerk's office to send the books back to the DCI mailroom.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Alexander's motion for preliminary injunction, Dkt. 148, is DENIED. If Alexander wishes to pursue new claims against different defendants, he must file new complaints and pay the requisite initial partial payments.

2. The clerk of court is directed to return Alexander's books to Dodge Correctional Institution.

Entered April 29, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge