IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                Plaintiff,

v.

NATHAN TAPIO and ROMAN KAPLAN,

                Defendants.

ORDER

17-cv-861-jdp

---

Pro se plaintiff Robert Earl Alexander, a prisoner in the custody of the Wisconsin Department of Corrections, is proceeding on Eighth Amendment medical care claims against two prison medical providers who he says failed to treat his throat cancer and gave him inadequate dosages of pain medication. In May 2018, I began attempting to recruit counsel for Alexander. *See* Dkt. 65. The case has now been stayed for over a year and a half, during which time the court has contacted members of the Western District of Wisconsin Bar Association and the Seventh Circuit Bar Association on numerous occasions to seek assistance for Alexander. In the meantime, Alexander has filed dozens of motions, letters, and miscellaneous documents as well as a new lawsuit about unrelated issues. *See Alexander v. Bovee*, No. 19-cv-427 (filed May 28, 2019).

Unfortunately, no lawyer has agreed to take the case and the court has exhausted its options. There simply aren't enough lawyers in this district with the time, willingness, or expertise necessary to volunteer on behalf of the many pro se litigants seeking assistance. The case cannot be stayed indefinitely. Alexander's circumstances have changed as well. My decision to stay the case and seek counsel for Alexander was motivated in part by submissions indicating that Alexander was refusing available medical treatment for his cancer to preserve

his claims in this case. *See* Dkt. 65, at 2–3. Because this raised serious concerns about whether Alexander was capable of making rational decisions, I deemed it appropriate to attempt to recruit counsel to assist him. But in the year and a half that the case has been stayed, Alexander has successfully completed his radiation treatment, *see* Dkt. 140, at 3, and a review of his recent filings indicates that cancer treatment is no longer his chief concern. *See* Dkt. 148 and Dkt. 153. Alexander's many submissions to the court indicate that he is capable of communicating in writing, despite his hearing and speaking challenges. This reassures me that Alexander will be able to litigate his case at least through the summary judgment stage. If the case survives summary judgment and proceeds to trial, Alexander may ask me to attempt to recruit counsel a second time, as the court is sometimes more successful in recruiting attorneys for cases that are trial-ready.

Alexander now has a choice: (1) proceed on his own without counsel; or (2) dismiss this case without prejudice. I will give him a short deadline by which to tell the court how he wants to proceed. If Alexander chooses the first option, I will ask Magistrate Judge Stephen Crocker to set a new schedule for the case. After that, it will be up to Alexander to determine how to litigate his claims. The court cannot provide legal advice. If Alexander chooses to dismiss the case, the dismissal will be without prejudice, which means that Alexander could file a new case at a later date. However, the statute of limitations would continue to run. *Dupuy v. McEwen*, 495 F.3d 807, 810 (7th Cir. 2007) ("[W]hen a suit is dismissed without prejudice, the statute of limitations continues to run from the date (normally the date of the injury) on which the claim accrued."). If Alexander fails to respond by the deadline below, I will take his silence to mean that he is choosing the second option and I will direct the clerk of court to close the case.

ORDER

IT IS ORDERED that:

1. The stay in this case is LIFTED.

2. Plaintiff Robert Earl Alexander may have until January 13, 2020 to inform the court in writing whether he wishes to: (1) continue litigating the case but without counsel; or (2) dismiss the case without prejudice.

3. If Alexander chooses the first option, Magistrate Judge Crocker will issue a pretrial conference order setting a new schedule for the case. If Alexander fails to respond by January 13, 2020, I will take his silence to mean that he is choosing the second option and I will direct the clerk of court to close the case.

Entered December 20, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge