IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                    Plaintiff,

  v.

NATHAN TAPIO and ROMAN KAPLAN,

                    Defendants.

ORDER

17-cv-861-jdp

---

Pro se plaintiff Robert Earl Alexander, a prisoner in the custody of the Wisconsin Department of Corrections, alleges that two prison medical providers failed to treat his throat cancer and gave him inadequate dosages of pain medication. I previously attempted to recruit counsel to represent Alexander, but those attempts were unsuccessful. I gave Alexander a choice between proceeding on his own without counsel or dismissing the case without prejudice. Dkt. 154. Alexander responded by indicating that he wishes to proceed with the case on his own. Dkt. 161. Accordingly, I will ask Magistrate Judge Stephen Crocker to set a new schedule for the case. Ordinarily Magistrate Judge Crocker would do so with input from the parties at a telephone conference, but that is not feasible here given Alexander's communication difficulties. Instead, Magistrate Judge Crocker will issue a preliminary pretrial conference order, and the parties may indicate in writing if the trial date or other deadlines don't work for them.

In his response to my order, Alexander also says that he would like to amend his complaint "regarding the defendants [that] this court dismissed." Dkt. 161, at 1. But I explained to Alexander why I did not grant him leave to proceed against all of the defendants he originally named in my screening orders. *See* Dkt. 17 and Dkt. 29.

The only remaining issue is Alexander's recently filed motion for preliminary injunctive relief. Dkt. 153. Alexander says that his legal and medical documents were confiscated when he was placed in temporary lock-up status on November 25, 2019. *Id.* at 2. Later in his motion, he says that prison staff have told him he can "only keep two boxes and that they will store the other boxes." *Id.* at 4. I take this to mean that Alexander objects to being allowed to have only two boxes of legal and medical documents in his cell. Alexander asks me to order staff at Dodge Correctional Institution to return his legal and medical records, as well as his typewriter, television, fan, and electronics. *Id.* at 3.

In response to Alexander's motion, defendants indicate that Alexander's property was indeed temporarily confiscated when he received a minor conduct report and he was placed on temporary lock-up status. He received a disposition of seven days' loss of electronics for the conduct report and he was removed from temporary lock-up status less than 24 hours later. During this process, prison staff discovered that Alexander had nine boxes of legal materials and medical files in his cell. Inmates are allowed only two such boxes, so prison staff instructed Alexander to go through his materials and pare down the paperwork to include only those materials relevant to open and active cases. Alexander complied. The additional boxes were placed in storage, where Alexander may have access to them upon request.

Alexander has submitted a reply brief in support of his motion, but most of it focuses on his objections to the conduct report he received and his allegations of retaliation at the hands of prison staff. Alexander does not explain why he needs nine boxes' worth of legal and medical documents in his cell to litigate this case. The bottom line is that Alexander has access to all his documents. If he needs documents that aren't currently in his two boxes, he may obtain those documents by asking prison staff to retrieve them from storage. I infer that

Alexander's requests for injunctive relief regarding the confiscated typewriter and other items are now moot, as his reply brief was written using a typewriter and he lost access to his electronics for only seven days. I will once again remind Alexander that this case concerns the treatment he has received for his cancer. Although I will address requests that bear on Alexander's access to the court, I will not entertain requests for injunctive relief about unrelated matters, such as Alexander's access to electronics like televisions or fans.

ORDER

IT IS ORDERED that Alexander's motion for preliminary injunctive relief, Dkt. 153, is DENIED.

Entered February 21, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge