IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                      Plaintiff,

   v.                                                 ORDER

NATHAN TAPIO and ROMAN KAPLAN,          17-cv-861-jdp

                      Defendants.

---

     I held a videoconference hearing in this case on March 25, 2021, to address plaintiff Robert Earl Alexander's allegations that 150 pages of materials, including his response to defendants' motion for summary judgment, were destroyed by prison staff for being contaminated with fecal material, and that prison staff is blocking or delaying his receipt of mail from the court. This order memorializes my rulings at that conference and expands on them.

     A written order is particularly important in this case because the court and all parties have been operating under the assumption that Alexander cannot hear. Yet prison staff arranged for Alexander to appear at the hearing without the aid of assistive technology or help from a staff member. Prison staff relayed to the clerk's office that Alexander did not have a verified hearing problem, which is news to me following previous hearings—one held by phone and one held in the courtroom with Alexander receiving a feed of the live transcription—giving every indication that Alexander could not participate without assistance. Predictably, although he was present on the video conference call, Alexander did not participate in today's hearing. I am concerned that prison staff is interfering with Alexander's ability to prosecute his case.

Nonetheless, at today's hearing I proceeded to address with counsel for defendants deficiencies in the way Alexander's mail and legal materials have been handled. I will send Alexander this order, of course, but I will also send him a copy of the transcript of the hearing as soon as it is available so that he can file a written response if he so chooses.

Alexander filed motions for injunctive relief ordering prison staff to return his 150-page packet of materials and deliver pieces of mail to him. Dkt. 212 and Dkt. 217. I'll deny those motions as moot because defendants' counsel says that the materials have been destroyed and that the mail has been delivered to Alexander. But I did order officials to take several steps to remediate the destruction of materials to ensure that Alexander can file his summary judgment response. Counsel and prison staff are directed to comply strictly with these orders or face sanctions:

- For the remainder of this case, prison staff are prohibited from destroying any of Alexander's proposed filings or legal materials. Items posing sanitary or other concerns may be quarantined or confiscated but those actions must be thoroughly documented and promptly reported to the court.

- Alexander says that he retains a copy of his summary judgment opposition brief. Defendants' counsel is directed to oversee that a copy of that document is made for Alexander's submission to the court and that the original is safely returned to Alexander.

- Counsel has assured the court that he will provide copies of case law and any internal prison documents Alexander seeks to use, such as medical records. After Alexander outlines his request for documents, counsel is directed to provide Alexander with the materials he seeks or submit a brief to the court explaining why a particular request cannot be met.

- Defendants' counsel may have until April 9, 2021, to submit the incident report detailing the destruction of Alexander's materials.

- To prevent future disputes about whether Alexander is equipped to participate in live court proceedings, defendants' counsel may have until April 9, 2021, to submit a report on Alexander's ability to hear and a plan to provide necessary assistance to him so he can adequately represent himself.

Alexander's obligation to re-create his summary judgment materials is as follows:

- Alexander will have two weeks from receipt of this order and the hearing transcript to tell defendants' counsel what documents he needs to reconstruct the 150 pages of material that were destroyed.

- Because the March 25 hearing was held without Alexander's active involvement, he may have two weeks from the receipt of this order and the hearing transcript to submit a response to the court about those proceedings and my rulings.

- After I rule on any issues raised by Alexander in that motion, I intend to give him a month to prepare and submit his summary judgment opposition brief, his proposed findings of fact and responses to defendants' proposed findings, and his evidence in support. The court will issue another order formally setting those deadlines once the preliminary matters are resolved.

## ORDER

IT IS ORDERED that:

1. Plaintiff Robert Earl Alexander's motions for preliminary injunctive relief, Dkt. 212 and Dkt. 217, are DENIED as moot.

2. The case will proceed with the parties following the orders listed above.

Entered March 25, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge