IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                             Plaintiff,

v.                                                                                              OPINION and ORDER

NATHAN TAPIO and ROMAN KAPLAN,                           17-cv-861-jdp

                             Defendants.

---

    This order addresses several motions now before the court. Defendants' motion for summary judgment is fully briefed and will be addressed in a separate order.

    First, Alexander moves to compel defendants to produce certain documents, including incident reports, prison policies, and healthcare records. Dkt. 271. I previously allowed Alexander to request documents from defendants to replace documents that defendants had destroyed, so that Alexander could use them to oppose summary judgment. Dkt. 222. Alexander filed his summary judgment opposition brief three months ago. Dkt. 256. He doesn't say that the documents he now seeks are among the destroyed documents and he doesn't say that he needs the documents to oppose defendants' motion for summary judgment. Alexander's motion is denied. Further discovery is stayed until the court rules on defendants' motion for summary judgment.

    Second, defendants ask to discard approximately 1,000 pages of documents that Alexander attempted to file. Dkt. 274. Defendants contend that the documents are stained with urine and stuck together and thus cannot be scanned for filing. Alexander denies that the medical records are soiled with urine and asks for a hearing to address the issue. Dkt. 276. I would grant defendants' motion if it were properly supported. But the motion relies chiefly on

unsworn statements in the attached incident reports. Dkt. 275-1 and -2. The attached photographs, Dkt. 275-3, don't show much. Three of the photographs show the same single page, and two are too blurry to show much of anything. These photographs simply do not corroborate the extensive problem reported in the incident reports. It is Alexander's responsibility to submit only clean, dry documents for filing, and I will not require institution staff to handle soiled documents. But institution staff will have to do a better job of documenting the condition of any allegedly soiled papers, and counsel will have to support any request for relief with a proper affidavit or declaration. I will give defendants the opportunity to resubmit a properly supported motion.

Third, Alexander contends that his disabilities are not being accommodated, and he asks for restraining order or a zoom hearing. Dkt. 284 (which is a legible version of the motion filed as Dkt. 278). His only specific allegation is that a prison doctor, Sarah English, has refused to authorize what he calls a "pusher" for dayroom and outdoor recreation. But Alexander may not bring new claims against new defendants in this case, which concerns only his medical care.

Fourth, defendants have responded to the court's inquiry about the use of TTY or TTD devices to allow Alexander to participate in telephonic hearings. Dkt. 257. Defendants say that the devices are not recommended because they are cumbersome and time consuming. They ask that the court conduct any future hearings in person, where Alexander would be able to use real-time transcription in the courtroom. The court is well aware of the shortcomings of TTY and TTD systems, but in-person hearings with Alexander, even with the benefit of real-time transcription, are also cumbersome and time consuming. The court will defer decisions about how to conduct any future hearings until after a decision on summary judgment.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Earl Alexander's motion to compel, Dkt. 271, is DENIED. Discovery is STAYED until the court rules on defendants' motion for summary judgment.

2. Defendants motion for permission to discard plaintiff's documents, Dkt. 274, is DENIED. Defendants may resubmit the motion with proper support.

3. Plaintiff's motion for a hearing, Dkt. 276, is DENIED.

4. Plaintiff's motion for a temporary restraining order or hearing, Dkt. 278 and Dkt. 284, is DENIED.

5. The court will defer a decision on how to conduct future hearings until the court rules on defendants' motion for summary judgment.

Entered October 12, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge